UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREGORY BAKER and**<br>**LISA BAKER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-283** |
| **ALLSTATE INSURANCE COMPANY** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant Allstate Insurance Company's Rule 12(b)(6) and (c) Motion to Dismiss Plaintiffs' Extra-Contractual Claims. (Rec Doc. No. 9) After reviewing the briefs, hearing the parties argument and considering the law, for the following reasons the motion is GRANTED IN PART.

### I.   Factual and Procedural Background

This case arises out of property damage as a result of Hurricane Katrina. Plaintiffs allege that Hurricane Katrina caused extensive damage to Plaintiffs' property located at 444 East Isles Boulevard in Slidell, Louisiana. Plaintiffs' property was allegedly insured by Defendant pursuant to the National Flood Insurance Program ("NFIP"). Defendant, according to the Plaintiffs, initially paid $92,516.15 to the Plaintiffs under the building coverage of the insurance policy, and made a supplemental payment of $30,435.84. Plaintiffs contend that these payments are inadequate to compensate the Plaintiffs for the flood damage to their property. Plaintiffs filed suit on January 12, 2007, alleging that the Defendant breached the insurance agreement by failing to promptly and fairly adjust the Plaintiffs' claims.

Plaintiffs also allege that the Defendant acted negligently and in bad faith in the handling of the Plaintiffs' claims by failing to follow proper procedures in reaching a settlement figure

and failing to promptly adjust their claims.  Specifically, Plaintiffs allege that the Defendant breached their duty to the Plaintiffs and violated the National Flood Insurance Act, flood insurance regulations, and federal common law by the following:

      a.       failing to properly train its adjusters;
      b.       failing to provide its adjusters with proper materials to properly evaluate claims;
      c.       failing to take into account the economic climate after Hurricane Katrina;
      d.       failing to account for the increase in costs of labor and materials in valuing plaintiffs' claims;
      e.       failing to honor plaintiffs' satisfactory proof of loss;
      f.       instructing its adjusters to undervalue plaintiffs' damages;
      g.       instructing its adjusters to delay the processing of plaintiffs' claims; and
      h.       instructing adjusters to engage in multiple, time consuming valuations of plaintiffs' claims.

Plaintiffs seek damages for Defendant's breaches of contract and breaches of duty including, past and future expenses for repairs caused by the flooding, damages to their property caused by normal weather patterns, damages to their personal property caused by flooding, expense of hiring an independent adjuster, delays in the renovation and repair of their home, delays in their ability to return to their home and loss of use expenses, and all general and specific damages caused by the Defendant's alleged misconduct, including attorney's fees, costs, interest and penalties.

## II.    The Motion

The Defendant filed a Rule 12(b)(6) and Rule 12(c) Motion to Dismiss Plaintiffs' Federal Common Law Extra-Contractual Claims.  The Defendant argues that Plaintiffs' complaint only addresses claims handling matters regarding the Plaintiffs' standard flood insurance policy ("SFIP"), and that it is clear that state law based extra-contractual claims are preempted and barred by federal law.  Also, Defendant argues that most of the damages sought by the Plaintiffs are excluded by Article V(A) of the SFIP.  Defendant also argues that under *Lynch v. United States*, courts are prevented from adding new remedies in the context of federal insurance

programs and that under the SFIP Congress decided that only remedy available to a participant is a breach of contract action.  Second, under the *Erie* doctrine, there is no such thing as "federal common law," and that the Plaintiffs cannot rely on federal common law as a basis for their extra-contractual remedies.  While the SFIP states that all disputes arising from the handling of any claim under the policy "are governed by the flood regulations issued by FEMA, the National Flood Insurance Act of 198, as amended, and federal common law," the Defendant argues this use of the term federal common law has been interpreted as allowing courts to look to standard insurance principals when construing a flood policy, not to forge new remedies.  Third, Defendant argues that the Plaintiffs cannot establish that there is an implied right of action under the National Flood Insurance Act for extra-contractual claims in the context of a claims dispute.  Specifically, Defendant's argue that the Plaintiffs cannot satisfy the four-part test set forth in *Cort v. Ash*.  Fourth, the Defendant argues that the Appropriations Clause prevents the Plaintiffs from asserting their federal common law extra-contractual remedies because the ultimate payor is the federal government.  Fifth, the Defendant argues that the separation of powers doctrine bars the Court from creating the extra-contractual remedies asserted by the Plaintiffs.  Sixth, the Defendant argues that any state law based claims by the Plaintiffs are preempted by federal law under all three categories of preemption–express preemption, field preemption and conflict preemption.

  Plaintiffs oppose the Defendant's motion and argue that attorneys fees and costs are available to them under the Equal Access to Justice Act.  Second, the Plaintiffs argue that federal common law provides that the Court can award extra-contractual damages.  Third, Plaintiffs argue that the Court has broad equitable powers to award attorneys' fees and expenses in the Court finds that the Defendant acted in bad faith.  Fourth, Plaintiffs argue that post-judgment

interest is available if the Defendant is not an agent of the federal government under the EAJA.

The Defendant sought leave and filed a response to the Plaintiffs' opposition. The Defendant argues that first, the Plaintiffs failed to make any claims for attorneys fees and costs under EAJA in their complaint and thus, their arguments with respect to EAJA should be ignored. Second, if the Court were to address Plaintiffs' EAJA arguments, EAJA does not allow for an award of attorneys' fees and costs in this situation because a WYO company is not the United States, a federal agency or an agent of the United States. Third, the Defendant argues that the Plaintiffs' argument with respect to 42 U.S.C. § 4081(c) is inapplicable since that section applies to claims against insurance agents, not WYO companies.

## III. Law and Analysis

### A. Rule 12(b)(6) Standard

"The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court must construe the complaint liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

### B. The National Flood Insurance Program and Plaintiffs' Extra-Contractual Claims

The NFIP was established by the National Flood Insurance Act of 1968 (the "Act"), 42 U.S.C. § 4001, *et seq*. The NFIP, which is administered by FEMA, has two components: a flood

insurance program and a unified national plan for flood management. 42 U.S.C. §4001(b) and (c). By regulation, FEMA has promulgated the SFIP and provided for the marketing and claims adjustment to be done by private companies operating as "Write Your Own" ("WYO") companies. *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 343 (5th Cir. 2005). The WYO companies issue policies under their own names and arrange for the adjustment, settlement, payment and defense of all claims arising from the policies, and FEMA regulations establish the terms of the SFIP, rate structures and premium costs. *Id.* This arrangement is referred to as Part B of the NFIP.

Further, FEMA has amended the terms of the SFIP to state, under the heading "What Law Governs," that "all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended, and Federal common law." 44 C.F.R. pt. 61, App. A(1), Art. IX.

Several courts have held that the "What Law Governs" provision pre-empts state law claims based on the handling of a claim under a SFIP. *Gallup*, 434 F.3d at 344-45; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005); *C.E.R. 1998, Inc. v. The Aetna Cas. & Sur. Co.*, 386 F.3d 263 (3d Cir. 2004); *Dickerson v. State Farm Fire & Cas. Co.*, 2007 WL 1537631 (E.D. La. May 23, 2007). The court in *Scritchfield v. Mutual of Omaha Insurance Co.*, engaged in a thorough analysis of the issue. The plaintiffs in the case brought claims based on negligence, for consequential damages and requested declaratory relief under federal common law. *Scritchfield*, 341 F. Supp. 2d 675, 677 (E.D. Tex. 2004). The court dismissed the plaintiffs claims holding that neither the Act nor other federal law provided a basis for the plaintiffs' claims. *Id.* The court first addressed whether the plaintiffs could satisfy the test from *Cort v.*

*Ash* in order to imply a cause of action under the Act. *Id.* at 679. After considering the first two factors (out of four), the court concluded that it was unable to find implied causes of action in the Act. *Id.* Next, the court considered whether the SFIP preempts state law claims, and held that the SFIP did preempt state law claims and the plaintiffs' attempt to repackage their state law claims as federal common law claims was to no avail. *Id.* Addressing an Appropriations Clause argument, the court held that neither the Plaintiffs nor the court found any statute authorizing claims for negligence, consequential damages or declaratory relief under the Act, and the court was required to respect congressional intent as to when to charge the public treasury. *Id.* at 681. Finally, the court addressed *Erie* and held that the term "federal law" in the SFIP means that suits are resolved under federal law by applying standard insurance law principles. *Id.*

Here, the Plaintiffs argue that their "bad faith" cause of action exists under federal common law. The Plaintiffs do not state that such a cause of action exists, rather they state that "[w]hether a bad faith claim exists under the NFIA has not been addressed," and request that the Court "exercise its equitable powers and create/enforce a bad faith cause of action."

It has been widely held that the use of the phrase "federal common law" in the SFIP means that federal law, not state contract law, governs the interpretation of the SFIP. *Studio Frames Ltd. v. Standard Fire Ins. Co.*, 483 F.3d 239, 244 (4th Cir. 2007) ("Under federal common law, the federal courts draw upon standard principles of insurance law to resolve disputes over coverage in a SFIP."); *Sodowski v. National Flood Ins. Program of FEMA*, 834 F.2d 653, 655 (7th Cir. 1987) (holding that since the law of any particular state does not apply to a SFIP, federal courts are free to apply traditional common law techniques of decision by drawing on standard insurance principals); *Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984); *Dickerson*, 2007 WL 1537631 at *2 ; *Roybal v. Los Alamos Nat'l*

*Bank*, 375 F. Supp. 2d 1324, 1329 (D.N.M. 2005). Based on this, at least one court in this district has declined to recognize extra-contractual claims relating to the claims handling or adjusting process as federal common law claims. *See, e.g. Dickerson*, 2007 WL 1537631 at *2 ("Further, the court declines to recognize Plaintiffs' extra-contractual claims arising from claims handling or claims adjusting as federal common law claims.").

Recently, in *Dickerson v. State Farm Fire & Casualty Co.*, a court within this district addressed identical issues as presented here. In *Dickerson*, the plaintiff alleged that State Farm violated the Act and federal common law bad faith laws in the adjustment of plaintiffs' claims by failing to timely adjust the plaintiff's flood claims, failing to honor plaintiffs' satisfactory proof of loss, failing to properly train its adjusters and agents with proper uniform materials with which to properly evaluate claims, failing to take into account the economic climate of Hurricane Katrina, and failing to account for the increased labor, materials, costs, and time in valuing plaintiffs' claims. 2007 WL 1537631 at *1. The plaintiffs sought damages, including attorneys' fees and costs, interest and penalties. *Id.* The court held that the plaintiffs did not assert any recognizable federal common law theories, but rather "impermissibly re-labeled state law claims as federal common law claims." *Id.* at *2. Further, the court refused to recognize any of the plaintiffs' extra-contractual claims as federal common law claims. *Id.* Specifically, the court held that the term "federal common law" as used in the SFIP has been interpreted to mean that when there is a dispute over coverage under the Act, such disputes are resolved under federal law. *Id.* The court also found that there was no indication in the statute nor the regulations that indicated that Congress intended to create new federal common law to resolve disputes arising from claims disputers under a SFIP. *Id.*

The Court agrees with *Dickerson*, and finds that the Plaintiffs have impermissibly re-

labeled their state law claims as federal common law claims.  Accordingly, the Plaintiffs' extra-contractual claims will be dismissed, subject to the Court's discussion below.

    **C.**  **Attorneys' Fees and Costs Under the Equal Access to Justice Act**

    Plaintiffs' main argument appears to be that under the Equal Access to Justice Act ("EAJA"), the Plaintiffs can recover attorneys' fees and, if bad faith is shown, may trigger the WYO to be required to pay extra-contractual damages.  EAJA, by its own terms, allows for the recovery of attorneys fees and costs by a prevailing party in any civil action brought by or against the United States, a federal agency or a federal officer acting in his or her official capacity.  28 U.S.C. § 2412(b).  The EAJA does not provide for an award against a private entity that contracts with the government pursuant to a federal program.  *Adams v. State Farm Fire & Cas. Co.*, 1996 WL 592734, *2 (E.D. La. Oct. 10, 1996) (*citing Oster v. Brown*, 682 F. Supp. 853 (E.D. Va. 1988)).

    District courts in this circuit have consistently held that a plaintiff cannot recover attorneys' fees and costs pursuant to the EAJA where the plaintiff sued a WYO.  *See Dickerson*, 2007 WL 1537631 at *4; *Schopen v. State Farm Ins. Co.*, 1996 WL 696444, *2-*3 (E.D. La. Dec. 2, 1996); *Adams v. State Farm Fire & Cas. Co.*, 1996 WL 592734, *2-*3 (E.D. La. Oct. 10, 1996).  Also, the C.F.R. provides that WYO companies are not general agents of the United States, but "fiscal agents" and they are solely responsible for their obligations to their insured.  44 C.F.R. § 62.23(g).[1]  Despite the use of the term "fiscal agent" at least one court has held that attorneys' fees under the EAJA are not available in suits against WYO companies.  *See Dickerson*, 2007 WL 1537631 at *4.

---

   [1]  A previous version of the regulation provided that WYO companies were not agents of the Untied States and did not state that a WYO companies were "fiscal agents."

Plaintiffs rely on *In re Estate of Lee* for the proposition that attorneys' fees pursuant to EAJA can be recovered.  812 F.3d 253 (5th Cir. 1987).  *Estate of Lee* is distinguishable, however, in that it involved a suit against FEMA, not a WYO company.  *Id.* at 254-56.  Also, the C.F.R. provides that the federal government is not a proper party to a suit arising out of an SFIP.  44 C.F.R. §62.23(g).

Recently, however, one court in this district, in an unpublished opinion, awarded attorneys' fees and costs to a plaintiff pursuant to the EAJA.  *Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 06-cv-04793 (May 24, 2007).  After tracing the structure of the NFIP and role of the WYO companies, the court held that attorneys' fees and costs under the EAJA were appropriate because a suit against Fidelity was essentially a suit against FEMA, and "it is an instrumentality of the United States in both realms of action recognized under the EAJA."  *Id.* at 12.  The court also held that post-judgment interest is not available against a WYO company because "the robe of sovereign immunity" protects the WYO company.  *Id.* at 12-13.  This also supports the application of EAJA against WYO companies because "[i]f the line between a WYO company and FEMA is too thin to matter for the purpose of federal immunities, it is too thin also to matter for purposes of the EAJA."  *Id.* at 13.

The EAJA does not define the term "federal agency."  *See* 28 U.S.C. § 2412.  "As a waiver of sovereign immunity, the EAJA is interpreted narrowly.  But this is not a talisman for permitting the government to avoid liability in all cases."  *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000).  In *Dwyer*, the court relied on the definition of federal agency used in the Act and the NFIP which states that a "federal agency" means any department, agency, corporation, or other entity or instrumentality of the executive branch of the Federal Government. 06-cv-04793, Rec. Doc. No. 46, p. 9 (May 24, 2007); *see also* 42 U.S.C. § 4003.

However, in *Dickerson*, *Schopen* and *Adams*, it appears that the courts are assigning a plain meaning to the term "federal agency" as it appears in the EAJA. Thus, the Court believes that the main issue is whether the use of the NFIP definition of federal agency is appropriate when determining the applicability of the EAJA to a WYO company.

The Court's decision in *Dwyer* has been appealed to the Fifth Circuit Court of Appeals. 06-cv-04793, Rec. Doc. No. 61, (May 24, 2007)   In light of the fact that there are conflicting opinions on this issue, and the issue has been presented to the Fifth Circuit Court of Appeals, the Court believes it is prudent to allow the Circuit Court an opportunity to rule on this issue. Currently, no trial date has been set in this matter, and the Court will deny, without prejudice, the Motion with respect to the issue of attorneys' fees and costs. The parties shall retain the right to reargue this issue at the later of a decision by Fifth Circuit Court of Appeals in *Dwyer* or upon the completion of the trial in this matter.

**IV.    Conclusion**

Accordingly, Defendant Allstate Insurance Company's Rule 12(b)(6) and (c) Motion to Dismiss Plaintiffs' Extra-Contractual Claims is GRANTED IN PART.  Plaintiffs' extra-Contractual claims are hereby DISMISSED, with the exception of the Plaintiffs' claim for attorneys' fees and costs.  Plaintiffs' breach of contract claim will remain before the Court

IT IS FURTHER ORDERED that the Motion is DENIED IN PART, without prejudice, with respect to the availability of attorneys' fees and costs.  The parties retain the right to reargue these issues at a later date.

New Orleans, Louisiana, this 20th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE